UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 22-0940 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ANSWER**

Defendant United States Department of Justice, by and through undersigned counsel, respectfully submits this Answer to the Amended Complaint for Injunctive Relief (the "Complaint") filed by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation on April 28, 2022.  ECF No. 9.  All allegations not specifically admitted are denied.

### **INTRODUCTION**[1]

1.    The allegations in Paragraph 1 constitute Plaintiffs' characterization of this action. Defendant respectfully refers the Court to the Complaint, which speaks for itself and is the best evidence of its contents.  Defendant denies the allegations in Paragraph 1 to the extent they are inconsistent with the Complaint's text, meaning, or context.

---

[1]    Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint.  Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2. The allegations in Paragraph 2 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

3. The allegations in Paragraph 3 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

4. The allegations in Paragraph 4 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

5. With respect to the allegations in the first sentence of Paragraph 5, Defendant admits that Plaintiffs submitted a FOIA request to the DOJ Office of Legal Counsel ("OLC") on February 17, 2022, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations in the first sentence of Paragraph 5 to the extent they are inconsistent with the request's text, meaning, or context. Regarding the allegations in the second sentence of Paragraph 5, Defendant admits that, as of the date of the Complaint, Plaintiffs had not received any responsive records.

6. The allegations in Paragraph 6 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

7. The allegations in Paragraph 7 constitute Plaintiffs' characterization of the relief requested in this action. Defendant respectfully refers the Court to the Complaint, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations in Paragraph 7 to the extent they are inconsistent with the text, meaning, or context of the Complaint.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 constitute conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits only that this Court has jurisdiction subject to the terms and limitations of the FOIA. Defendant further avers that the statutes cited speak for themselves.

9. The allegations in this Paragraph 9 constitute conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that venue is proper in this judicial district.

## PARTIES

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 10. The remaining allegations in Paragraph 10 are argumentative and constitute legal conclusions to which no response is required.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 11. The remaining allegations in Paragraph 11 are argumentative and constitute legal conclusions to which no response is required.

12. Defendant admits the allegations in Paragraph 12.

## FACTUAL BACKGROUND

13. The allegations in Paragraph 13 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

14. The allegations in Paragraph 14 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

15. The allegations in Paragraph 15 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

16. The allegations in Paragraph 16 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

17. The allegations in Paragraph 17 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

18. The allegations in Paragraph 18 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court

...

determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

19. The allegations in Paragraph 19 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

20. The allegations in Paragraph 20 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

21. The allegations in Paragraph 21 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

22. The allegations in Paragraph 22 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

**The FOIA Request**

23. With respect to the allegations in Paragraph 23, Defendant admits that Plaintiffs submitted a FOIA request to OLC on February 17, 2022. To the extent that Plaintiffs purport to quote from the FOIA request, which speaks for itself and is the best evidence of its contents,

Defendant denies the allegations to the extent they are inconsistent with the request's text, meaning, or context.

24. With respect to the allegations in Paragraph 24, to the extent that Plaintiffs purport to characterize the FOIA request, which speaks for itself and is the best evidence of its contents, Defendant denies the allegations to the extent they are inconsistent with the request's text, meaning, or context.

25. With respect to the allegations in Paragraph 25, to the extent that Plaintiffs purport to characterize the FOIA request, which speaks for itself and is the best evidence of its contents, Defendant denies the allegations to the extent they are inconsistent with the request's text, meaning, or context.

26. With respect to the allegations in Paragraph 26, to the extent that Plaintiffs purport to characterize the FOIA request, which speaks for itself and is the best evidence of its contents, Defendant denies the allegations to the extent they are inconsistent with the request's text, meaning, or context.

**Defendant's Response to the Request**

27. With respect to the allegations in Paragraph 27, Defendant admits that, as of the date of the Complaint, it had not released any records responsive to Plaintiffs' request. Defendant denies the remaining allegations in Paragraph 27.

28. The allegations in Paragraph 28 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutory provisions and court decision, which speak for themselves and are the best evidence of their contents. Defendant denies the allegations in Paragraph 28 to the extent they are inconsistent with the text, meaning, or context of the referenced statute and decision.

29. With respect to the allegations in Paragraph 29, Defendant admits that OLC acknowledged receipt of Plaintiffs' FOIA request by letter dated March 4, 2022.

30. The allegations in Paragraph 30 purport to characterize and quote from OLC's letter of March 4, 2022, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the referenced letter's text, meaning, or context.

31. With respect to the allegations in the first sentence of Paragraph 31, Defendant admits that it has not released any records in response to Plaintiffs' request. The allegations in the second sentence of Paragraph 31 constitute conclusions of law to which no response is required.

32. The allegations in Paragraph 32 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegations.

**CLAIMS FOR RELIEF**

33. The allegations in Paragraph 33 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegations.

34. The allegations in Paragraph 34 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegations.

35. The allegations in Paragraph 35 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegations.

36. The allegations in Paragraph 36 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegations.

37. The allegations in Paragraph 37 constitute legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegations.

## REQUESTED RELIEF

The paragraphs marked A through E contain Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed to be required, Defendant denies that Plaintiffs are entitled to the relief it seeks or to any relief.

## DEFENSES

1. The Court lacks subject matter jurisdiction over Plaintiffs' request for relief to the extent that it exceeds the relief authorized under FOIA.

2. Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

3. Plaintiffs are not entitled to compel production of records exempt from disclosure based on the exemptions of the FOIA, 5 U.S.C. § 552(b), or exclusions, 5 U.S.C. § 552(c).

4. Plaintiffs' FOIA request is improper to the extent it does not reasonably describe the records requested. 5 U.S.C. § 552(a)(3)(A).

5. Plaintiffs' FOIA request would impose an unreasonable burden.

6. Defendant exercised due diligence in processing Plaintiffs' FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiffs' FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

7.  Defendant's response to the Request is ongoing.  As such, Defendant asserts that it has, or may have, additional affirmative defenses which are not known at this time, but which may be ascertained during litigation.  Defendant specifically preserves these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.  Defendant reserves the right to amend its Answer, and to add affirmative defenses that become known through investigation and discovery.

8.  Plaintiffs are not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

9.  Plaintiffs are neither eligible for nor entitled to attorney's fees or costs.

Dated: May 16, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  /s/ *Paul Cirino*
PAUL CIRINO, D.C. Bar #1684555
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C.  20530
Telephone: (202) 252-2529
Facsimile: (202) 252-2599
paul.cirino@usdoj.gov

*Attorneys for Defendant*